**In Re NAILITE WEATHER SHIELD PRODUCTS, INC., a Florida corporation, Debtor.**

**Justin P. HAVEE, Trustee, Plaintiff,**

**v.**

**LIFEGUARD INDUSTRIES, INC., an Ohio corporation, Defendant.**

**Bankruptcy No. 81–01499–BKC–SMW.**

**Adv. No. 82–0025–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

March 23, 1982.

Paul G. Hyman, Jr., Miami, Fla., for plaintiff.

Joel Moskowitz, Cincinnati, Ohio, Richard K. Fink, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on for trial upon an Adversary Proceeding filed by the Trustee of NAILITE WEATHER SHIELD PRODUCTS, INC., (hereinafter "Debtor"), against LIFEGUARD INDUSTRIES, INC. (hereinafter "Defendant"), seeking recovery of Twenty-two Thousand Four Hundred Nineteen and 22/100 Dollars ($22,419.22) based upon accounts stated and goods sold and delivered. The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the pleadings and arguments of Counsel, and being otherwise fully advised in the premises, hereby makes the following Findings of Fact and Conclusions of Law:

On or about April 15, 1981, the Defendant ordered Twenty-seven Thousand Four Hundred Eighty-two and 06/100 Dollars ($27,-482.06) worth of building materials from the Debtor. The Debtor thereafter sent such materials to the Defendant and issued an invoice to the Defendant for the sum of Twenty-seven Thousand Four Hundred Eighty-two and 06/100 Dollars ($27,482.06). On or about June 8, 1981, the Debtor delivered to the Defendant Thirty Dollars ($30.00) worth of building materials, and invoiced the Defendant for same. On or about June 29, 1981, the Debtor sent to the Defendant additional materials which value was Nine Thousand Five Hundred Seven and 86/100 Dollars ($9,507.86), for which the Defendant was thereafter invoiced. The Defendant made a payment on account to the Debtor in the sum of Fourteen Thousand Dollars ($14,000.00), on or about July 28, 1981, and received a credit from the Debtor on July 31, 1981, for materials to be used as display by the Defendant in the sum of Six Hundred Dollars ($600.00).

The Defendant seeks comfort from relief prayed by the Plaintiff on the basis that the goods sold and delivered by the Debtor were allegedly obsolete and not fit for their intended use. The Court finds that the Debtor manufactured several series of materials, and that the materials sent to the Defendant were currently being shipped to other customers without objec-

tion. The Court also finds that the Defendant made no objection to the goods delivered by the Debtor until time of trial. Therefore, the Court finds that the materials delivered to the Defendant were not obsolete, or unfit for their intended use. The Defendant also seeks to bar Plaintiff's recovery based upon an alleged breach of an exclusive arrangement between the Defendant and the Debtor for the sale of the Debtor's products in the Defendant's marketing area. The Court finds that there was no exclusive agreement or arrangement between the Debtor and the Defendant, and that even if such an agreement did exist, the Defendant has failed to prove any resulting damages which would ban or diminish Plaintiff's recovery in full.

The Court also finds that sufficient sample cases were delivered to the Defendant by the Debtor to enable the Defendant to sell the materials it had received from the Defendant.

Rendering an account stated is *prima facie* evidence of the correctness of the items contained thereon, and liability of the party to whom the account stated is rendered. See *Gendzier v. Bielecki,* 97 So.2d 604, 608 (Fla.1957). Any objections to an accounts stated must be raised in a timely manner. An objection raised at the time of trial is not made within a reasonable time. *Dudas v. Dade County,* 385 So.2d 1144 (3rd Dist., Fla.App.1980). In the case before me, the Debtor rendered accounts stated to Defendant for a total indebtedness of Thirty-seven Thousand Nineteen and 92/100 Dollars ($37,019.92). The Defendant made a Fourteen Thousand Dollar ($14,000.00) payment on the account and received a Six Hundred Dollar ($600.00) credit. The Defendant made no objection to the account until the time of trial. Therefore, this Court finds that the Defendant is indebted to Plaintiff in the sum of Twenty-two Thousand Four Hundred Nineteen and 22/100 Dollars ($22,419.22) plus interest from June 29, 1981 at the applicable rate.